1  LESLIE R. WEATHERHEAD, WSBA #11207
   J. CHRISTOPHER LYNCH, WSBA #17462
2  RHETT V. BARNEY, WSBA #44764
   LEE & HAYES, PLLC
3  601 W. Riverside Avenue, Suite 1400
   Spokane, WA  99201
4  Phone: (509) 324-9256
   Fax: (509) 323-8979
5  Emails: lesliew@leehayes.com
              chris@leehayes.com
6              rhettb@leehayes.com

7  *Counsel for Plaintiffs OTR Wheel Engineering, Inc.,*
   *Blackstone/OTR, LLC, and F. B. T. Enterprises, Inc.*

8

9              **UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF WASHINGTON**

10

11  OTR WHEEL ENGINEERING, INC.,
    BLACKSTONE/OTR, LLC, and            No.
    F. B. T. ENTERPRISES, INC.,
12
                                        COMPLAINT FOR REGISTERED
                    Plaintiffs,         TRADE DRESS INFRINGEMENT,
13                                      UNFAIR COMPETITION, TRADE
                                        SECRET MISAPPROPRIATION,
14          vs.                         TORTIOUS INTERFERENCE WITH
                                        BUSINESS RELATIONS,
15  WEST WORLDWIDE SERVICES,            DECEPTIVE TRADE PRACTICES,
    INC., and SAMUEL J. WEST,           AND UNJUST ENRICHMENT
    individually, and his marital
16  community,                          **With Demand for Jury Trial**

17                  Defendants.

18

19

20

21  COMPLAINT - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

OTR Wheel Engineering, Inc.,[1] Blackstone/OTR, LLC, and F. B. T. Enterprises, Inc. (collectively, "OTR" or "Plaintiffs"), pursuant to 15 U.S.C. §§ 1114, 1116(d), and 1125(a); pursuant to R.C.W. § 19.86.090; pursuant to R.C.W. §19.108.020; and pursuant to common law, bring this Complaint against Samuel J. West, individually, his marital community, and his company West Worldwide Services, Inc. (collectively "West" or "Defendants"), and respectfully state as follows:

## INTRODUCTION

OTR brings this suit against Defendants for counterfeiting and wrongfully infringing OTR's federally registered *Outrigger* tire tread design and trademark (U.S. Trademark Registration No. 4,220,169, referred to herein as "the '169 Registration" or the "Trade Dress"). Camoplast Solideal ("Camoplast"), which is a 49% owner of Blackstone/OTR, LLC, licensed the use of OTR's intellectual property and made arrangements with a Chinese company, Shandong Hawk Rubber Co. Ltd ("Superhawk"), allowing Superhawk to produce *Outrigger* tires for OTR. These tires would ultimately be sold by OTR to its customers who utilize OTR's Trade Dress and tires on their vehicles, including one of its top clients, Genie Industries, a subsidiary of Terex Corporation (collectively "Genie"),

---

[1] OTR Wheel Engineering, Inc. was formerly known as Wheel and Rim Supply, Inc.

COMPLAINT - 2

1  the maker of the famous Genie aerial work platforms ("AWPs"), or "lift vehicles."

2  Thereafter, Defendants, knowingly, improperly, and without OTR's consent, used

3  the intellectual property and tire tread designs that Superhawk had obtained

4  through its arrangement with Camoplast, and Defendants arranged for the

5  manufacture of counterfeit tires bearing OTR's exact Trade Dress.  Defendants

6  then imported, promoted, distributed, and sold these counterfeit and infringing tires

7  to buyers, including Genie, in the Eastern District of Washington. OTR therefore

8  brings this action to (1) recover damages caused by Defendants' unlawful

9  counterfeiting and infringement on OTR's Trade Dress; (2) enjoin Defendants

10 from engaging in such unlawful counterfeiting and infringing conduct; and (3)

11 recover or destroy any tires bearing OTR's tire tread designs that Defendants still

12 have in their possession.

13 **PARTIES, JURISDICTION AND VENUE**

14      1.      Plaintiff OTR Wheel Engineering, Inc. ("OTR Wheel") is a Georgia

15 corporation that maintains its principal place of business at 6 Riverside Industrial

16 Park, Rome, Georgia 30161.  OTR Wheel is the designer of the *Outrigger* Trade

17 Dress.

18      2.      Plaintiff Blackstone/OTR, LLC ("Blackstone") is a Georgia limited

19 liability company that maintains its principal place of business at 6 Riverside

20 Industrial Park, Rome, Georgia 30161.  Blackstone is a licensee of the *Outrigger*

21 COMPLAINT - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Trade Dress with rights to import and sell *Outrigger* tires in the United States and

2    elsewhere.  Blackstone also has a facility in Moses Lake, Washington.

3        3.    Plaintiff F. B. T. Enterprises, Inc. ("F. B. T.") is a Georgia corporation

4    that maintains its principal place of business at 6 Riverside Industrial Park, Rome,

5    Georgia 30161.  F. B. T. is the assignee of the intellectual property rights in the

6    *Outrigger* Trade Dress from OTR Wheel, and F. B. T. is the licensor of intellectual

7    property rights to Blackstone.

8        4.    OTR Wheel, Blackstone, and F. B. T. work together in cooperation to

9    design, protect, manufacture, import, market, and sell numerous wheel and tire

10   products, including the *Outrigger* tire and its Trade Dress.

11       5.    Defendant West Worldwide Services, Inc. ("West") is an Iowa

12   corporation with a principal place of business at 26378 289th Place, Adel, Iowa

13   50003, and a legal presence in this judicial district in Washington at 1020 N.

14   Stratford Road and 151 S. Hamilton, Moses Lake, WA 98837.  West imports, and

15   likewise promotes, sells and distributes its counterfeit and infringing tires in and

16   from this judicial district.   West has a Washington State Registered Agent:

17   Business Filings Incorporated, 505 Union Avenue SE, Suite 120, Olympia,

18   Washington 98501.

19       6.    Plaintiffs are informed and believe and therefore allege that Samuel J.

20   West is a resident of Iowa, residing at 12747 Highway 61, Burlington, Iowa 52601.

21   COMPLAINT - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    On information and belief, Mr. West is the founder and president of West,

2    responsible for the day-to-day decision-making of West, including all of those

3    actions alleged herein to be unlawful and alleged to have occurred in and affected

4    Plaintiffs' interests in Washington and this judicial district.  On information and

5    belief, West is operated as Samuel West's alter ego.  If Mr. West is a married

6    individual and is residing in Washington or any other community property state, or

7    to the extent Mr. West has assets in Washington, all actions against Mr. West

8    herein are alleged against him and his marital community, and all relief is sought

9    from him and his marital community.

10        7.    This civil action arises under the Lanham Act of the United States, 15

11   U.S.C. § 1051 *et seq*.  This Court has original subject matter jurisdiction over this

12   action pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b) and 15 U.S.C. § 1121, and the

13   principles of supplemental jurisdiction, 28 U.S.C. § 1367.  This Court also has

14   original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is

15   diversity of citizenship between the parties and the amount in controversy exceeds

16   the sum of $75,000.00, exclusive of fees, interest and costs.

17        8.    Jurisdiction is proper as to Defendant West Worldwide Services, Inc.

18   because, *inter alia*, it maintains a registered agent and is authorized to and does

19   transact business in the State of Washington.

20

21   COMPLAINT - 5

9.      Personal jurisdiction is proper as to Samuel West, who, on information and belief, directed the activities alleged against him in the State of Washington, including importation of the infringing tires into Washington and sales of the counterfeit and infringing tires in Washington and this judicial district, for delivery in Washington and this district.

10.     Venue is proper in this district under 28 U.S.C. § 1391 because the Defendants transact business in this district, a substantial part of the events giving rise to Plaintiffs' claims arose in this district, and the effects of Defendants' unlawful actions are felt in this district where Plaintiffs compete with Defendants.

**FACTS**

11.     OTR manufactures and distributes wheels, tires, mounted tire/wheel assemblies, rubber tracks and cast products. Since as early as 1998, OTR has sold tires manufactured in accordance with its proprietary *Outrigger* designs and specifications.

12.     OTR developed the *Outrigger* tire, including its design specifications, to accommodate the need and growing market for tires used on AWPs. The resulting *Outrigger* tire had a lower profile than other tires used on AWPs at the time, which made it cheaper and the flat tread face made it more stable for AWPs. In addition to a lower profile and flat tread face, OTR created, designed, and authored a distinctive trade dress for the *Outrigger* tire tread designs (the "Trade

COMPLAINT - 6

Dress"). The improved tires and unique design came at substantial expense and years of effort, but the *Outrigger* tire and its Trade Dress is now the leading tire in the AWP industry.

13.   The subject Trade Dress consists of an off-road tire tread design having alternating interlaced lug bars.  The lug bars are formed from the sidewalls of the tire to the center bar of the tire at an angle from the tire sidewall, the angle being between 35 and 45 degrees, and terminate towards the center bar of the tire with a lug bar section that is substantially perpendicular to the sidewall of the tire (as depicted below).

     

Image of *Outrigger* design on actual tire      Image from USPTO trade dress registration 4,220,169

14.   OTR's Trade Dress is arbitrary, unique and *de jure* non-functional. The only function of the Trade Dress is to identify the source of the product as OTR and its *Outrigger* design.  The Trade Dress is inherently distinctive due to its lug bars that are angled within a specific range and that terminate towards the center bar of the tire with a lug bar section that is substantially perpendicular to the sidewall of the tire.  This distinctive Trade Dress is a source-identifier, signifying OTR as a source of the tires to OTR's customers, including Genie.  The Trade

COMPLAINT - 7

Dress is also a source-identifier signifying OTR as a source of the tires to Genie's customers, such as the property owners who buy such equipment, and the equipment retailers and rental shops that carry vehicles with the distinctive OTR Trade Dress.  Although these tires are particularly robust, they are subject to wear and tear.  As a result, the equipment owners, equipment retailers, and rental shops may need to replace the original *Outrigger* tires on their vehicles.

15.    Since as early as 1998, OTR has continuously, extensively, and exclusively used its distinctive Trade Dress throughout the United States in interstate commerce.  OTR has sold millions of dollars of its *Outrigger* tires bearing its distinctive Trade Dress and has expended thousands of dollars in advertising and promotion featuring the Trade Dress.  The subject Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade.  As a result, OTR has developed and acquired valuable goodwill from its Trade Dress, including the ability of the tread design to identify OTR as the source of high quality tires.

16.    OTR's Trade Dress has acquired distinctiveness and secondary meaning by reason of OTR's extensive advertising, promotion and sale of *Outrigger* tires bearing the Trade Dress.

17.    On August 26, 1998, F. B. T. submitted a federal trademark application with the United States Patent and Trademark Office to register its

COMPLAINT - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    *Outrigger* word trademark (Application Serial No. 275,542,872, referred to as "the

2    '872 Application").

3        18.    On October 26, 1999, the '872 Application was approved and OTR's

4    *Outrigger* word trademark was registered (Registration No. 2,288,934, referred to

5    herein as "the '934 Registration").

6        19.    On January 3, 2011, F. B. T. submitted a federal trade dress

7    application with the United States Patent and Trademark Office to register its

8    Trade Dress (Application Serial No. 85,209,230, referred to herein as "the '230

9    Application").

10        20.    On October 9, 2012, the '230 Application was approved, and OTR's

11    Trade Dress was registered (Registration No. 4,220,169, referred to herein as "the

12    '169 Registration").

13        21.    The '934 Registration and its owner F. B. T. enjoy statutory

14    presumptions including validity, ownership, and the exclusive right to use

15    *Outrigger* in connection with the goods identified in the '934 Registration, namely,

16    tires for construction, industrial, agricultural, and off-road vehicles. The '934

17    Registration is incontestable pursuant to 15 U.S.C. § 1065.

18        22.    The '169 Registration and its owner F. B. T. enjoy statutory

19    presumptions of non-functionality, acquired distinctiveness, validity, ownership,

20    and the exclusive right to use the Trade Dress in conjunction with the goods

21    COMPLAINT - 9

identified in the '169 Registration, namely, off-road tires used with construction, industrial, and agricultural equipment.

23.    A true and correct copy of the Registration Certificate for the *Outrigger* trademark (the '934 Registration) is attached hereto as Exhibit "A."

24.    A true and correct copy of the Registration Certificate for the Trade Dress (the '169 Registration) is attached hereto as Exhibit "B."

25.    Blackstone licenses the use of the *Outrigger* trademark and the Trade Dress from F. B. T., and such use inures to the benefit of F. B. T., owner of the '169 Registration.  OTR Wheel designed the Trade Dress and assigned intellectual property rights in it to F. B. T.  OTR Wheel, Blackstone and F. B. T. all benefit from the relationship of their companies regarding their exclusive use of the Trade Dress and the '934 and '169 Registrations.

## OPERATIVE FACTS

26.    In 2007, OTR and Camoplast were engaged in the manufacture and distribution of tires with OTR's *Outrigger* designs.  Under OTR's arrangement with Camoplast, OTR licensed certain intellectual property to enable Camoplast to construct molds (the "Molds") used to manufacture the *Outrigger* tires.  The relationship between OTR and Camoplast is subject to obligations of confidentiality with respect to OTR's confidential information and trade secrets in the Trade Dress and Molds ("Confidential Obligations").  OTR enjoys trade secrets

COMPLAINT - 10

1  in these items because the information gives it an economic advantage because it is

2  not generally known, not readily ascertainable by proper means, and which are the

3  subject of reasonable efforts to maintain their secrecy.

4       27.    Subject to the Confidentiality Obligations, Camoplast entered into an

5  agreement for the manufacture of the *Outrigger* tires by Superhawk. To enable

6  Superhawk to manufacture the *Outrigger* tires, under license, Camoplast provided

7  Superhawk with certain intellectual property belonging to OTR, including the

8  *Outrigger* tire design specifications as well as the Molds that it had constructed, all

9  subject to its continuing Confidential Obligations.

10       28.    Upon information and belief, sometime in 2012, Superhawk and the

11  Defendants entered into an agreement, pursuant to which Superhawk agreed to

12  manufacture tires for the Defendants.  Upon information and belief, Defendants

13  and Superhawk knowingly and willfully used OTR's trade secrets and other

14  intellectual property rights including the '169 Registration, as well as

15  misappropriated OTR's trade secrets by improper means including breach of

16  obligations of confidentiality, to manufacture tires for the Defendants having the

17  identical Trade Dress as the *Outrigger* tires (the "Infringing Tires").  Upon

18  information and belief, after Camoplast demanded that Superhawk cease

19  manufacturing the Infringing Tires, Superhawk subsequently moved production of

20  the Infringing Tires to Shuma Tyre International Co. Ltd. ("Shuma"), a Chinese

21  COMPLAINT - 11

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

company with which Plaintiffs believe Superhawk shares a common owner. Shuma and the Defendants use the brand name and trademark "Exmile" and "Stabimate" on the Infringing Tires they produce and import into the United States. On information and belief, Defendants have used OTR's *Outrigger* trademark and the registered Trade Dress in its marketing and promotion of the Infringing Tires.

29.    West has been importing, marketing, selling, and distributing these Infringing Tires to customers in the United States, including Genie.  Genie is one of OTR's top customers and has been a significant source of business for OTR over the years.  OTR was supplying its *Outrigger* tires using the Trade Dress to Genie prior to the Defendants' infringing conduct.

30.    In October 2012, Sean McFadin, a Facility Manager at OTR's plant facility in Moses Lake, Washington, saw and obtained photographs of the Infringing Tires on a third-party freight truck in this district.  Upon information and belief, he learned that the tires were samples being delivered to Genie from the Defendants for testing.

31.    Mr. McFadin observed that these tires had the exact same tread design and Trade Dress as the *Outrigger* tires.  In addition, the tires bore the designation "355/55D625," which is the same designation and stamped in the same manner— i.e., in the same location and using the same size lettering and font—as the designation on OTR's *Outrigger* tires.  In addition, the brand name "Extreme Lift

COMPLAINT - 12

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

Stabimate" was stamped into the sidewall of the tire, in place of the "*Outrigger*" brand name, in the same location using the same size and font of lettering.

32.    In April 2013, Scott Peck, another employee of OTR, saw and obtained photographs of the Infringing Tires on a Genie machine at a Terex facility in China.  On information and belief, these Infringing Tires were bound for import to the United States.

33.    Mr. Peck also observed that these tires had the exact same tread design and Trade Dress as the *Outrigger* tires.  The Infringing Tires also bore the brand name "Exmile," which was stamped in the same manner—i.e., in the same location and using the same size lettering and font—as OTR's "*Outrigger*" designation on the *Outrigger* tires.

34.    In January 2014, Owsley Cheek, an expert in the field of automotive computer-aided design comparison performed a "Geometric Analysis" of the Infringing Tires and found them to be "exact replicas" for purposes of visual comparison to the *Outrigger* Trade Dress.

35.    In June 2013, Genie informed OTR that it would be cancelling orders of the *Outrigger* tires for two of its aerial lift machines effective July 1, 2013. Genie informed OTR that it would be switching to West's Infringing Tires.

36.    West has supplied approximately 1,000 of the Infringing Tires per month to Genie since September 1, 2013.  OTR has learned that West has been

COMPLAINT - 13

selling the Infringing Tires at a price that is at least thirty percent (30%) less than OTR's price on its *Outrigger* tires.  OTR has suffered and will continue to suffer a substantial loss in revenue because of the Defendants' infringing conduct.

37.    Notwithstanding OTR's well-established rights in and use of said Trade Dress, and after OTR's Trade Dress had acquired distinctiveness among the consuming public and trade, the Defendants have adopted and used in interstate commerce a tire tread design for its tire products that is substantially and confusingly similar to OTR's *Outrigger* design and Trade Dress.

38.    Defendants' counterfeit tire tread design is substantially identical to and confusingly similar to OTR's Trade Dress.  In fact, Genie has informed OTR that the tires being supplied by the Defendants are the same as OTR's tires.

39.    Defendants' use of OTR's Trade Dress is likely to cause confusion, mistake and deception among the relevant consuming public and trade. Consumers will likely believe that Defendants' tires are in some way associated or connected with or approved by OTR, or that Defendants' products otherwise originate from the same source as do OTR's *Outrigger* tires.

40.    Defendants' sale and distribution of tires containing the Trade Dress constitutes a deliberate, intentional attempt to trade and capitalize on the substantial goodwill of OTR's Trade Dress.  Defendants' Infringing Tires are

COMPLAINT - 14

1  "counterfeit" for purposes of the Lanham Act definitions in 15 U.S.C. §§

2  1116(d)(1)(B)(i) and 1127.

3       41.    Defendants' manufacture, importation, sales and distribution of tires

4  containing the Trade Dress constitutes a deliberate, intentional misappropriation of

5  OTR's trade secrets in the Trade Dress and related information.

6       42.    On information and belief, Defendants have imported the Infringing

7  Tires into the Unites States in violation of certain anti-dumping regulations of the

8  United States Customs and Border Patrol.

9       43.    On information and belief, Defendants have imported the Infringing

10  Tires into the Unites States in violation of certain registered trademark notification

11  regulations of the United States Customs and Border Patrol.

12       44.    In the spring of 2013, OTR informed Genie that OTR holds a Trade

13  Dress registration on the *Outrigger* tire tread design and that the Defendants were

14  infringing on OTR's Trade Dress by selling the Infringing Tires to Genie.

15       45.    In June 2013, representatives from Camoplast met with Michael

16  Zhang from Superhawk and demanded that Superhawk discontinue the

17  manufacture of the Infringing Tires for the Defendants.

18       46.    Defendants had notice, or should have had notice, that their tires were

19  infringing on OTR's federally registered trademarks.

20

21  COMPLAINT - 15

47.    Despite these attempts to stop the Defendants' improper sale and distribution of the Infringing Tires, Defendants have continued to wrongfully procure manufacture, importation, marketing, sales and delivery of the Infringing Tires through its distribution of these tires to Genie and others.

48.    As a result of Defendants' wrongful use of the *Outrigger* trademark and registered Trade Dress, OTR has suffered, and will continue to suffer, a substantial loss in revenue due to the lost business with Genie.

49.    As of service of this Complaint, the Defendants are on notice that OTR is the rightful owner of the *Outrigger* trademark and Trade Dress and that the Defendants should cease and desist from manufacturing, selling, and distributing the Infringing Tires.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. §§ 1114, 1116(d), and 1125(a))

50.    OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

51.    OTR created, authored and employed the *Outrigger* trademark for its designs and tires.  *Outrigger* is a federally registered mark. F. B. T. owns the U.S. Trademark Registration for *Outrigger*, Registration No. 2,288,934, issued by the United States Patent and Trademark Office and licensed to OTR.

COMPLAINT - 16

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

52.     OTR created, designed and authored the distinctive Trade Dress for the tire tread of its *Outrigger* designs and tires.  The Trade Dress is a federally registered mark.  F. B. T. owns the U.S. Trademark Registration for the Trade Dress, Registration No. 4,220,169, issued by the United States Patent and Trademark Office on October 9, 2012 and licensed to OTR.

53.     OTR's Trade Dress is arbitrary, unique and non-functional and is inherently distinctive due to its lug bars that are angled within a specific range (namely, 35 to 45 degrees from the tire's sidewall to the center bar) and that terminate towards the center bar of the tire with a lug bar section that is substantially perpendicular to the sidewall of the tire.

54.     There exist a number of options available to competitors in the design of tire treads, including in particular, alternative off-road tire designs having directional, self-cleaning tread.

55.     Defendants' importation, marketing, distribution and/or sale of tires bearing the Trade Dress tread or bearing a tire tread closely simulating OTR's Trade Dress, constitutes a false designation of origin which is causing or is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Defendants' products, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  Defendants' use of the counterfeit tread design also gives Plaintiffs injunctive, statutory damage and attorneys' fees rights under 15 U.S.C. § 1116(d).

COMPLAINT - 17

56.     Defendants' distribution and/or sale of tires using the *Outrigger* trademark constitutes a false designation of origin which is causing or is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Defendants' products, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

57.     Defendants' complained-of acts have damaged OTR and unless restrained will continue to damage OTR, including lost profits and irreparable injury to OTR's reputation and goodwill.  OTR has no adequate remedy at law.

58.     Defendants' actions, particularly their sale and distribution of tires containing OTR's Trade Dress, when it has received notice of OTR's Trade Dress registration, demonstrate an intentional, willful, malicious, and bad faith intent to trade on the goodwill associated with OTR resulting in irreparable injury to OTR.

59.     Defendants' conduct is causing and is likely to cause substantial injury to the public and to OTR, and OTR is entitled to injunctive relief and to recover Defendants' profits, three times OTR's actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116(a), 1117(a), and 1125(a).

COMPLAINT - 18

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

## COUNT II
## WASHINGTON CONSUMER PROTECTION ACT
### (R.C.W.A. § 19.86.020 *et seq.*)

60.    OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

61.    Defendants have engaged in unfair and deceptive practices within the meaning of the Washington Consumer Protection Act, R.C.W.A. § 19.86.020 *et seq.*, by passing off its tires as those of OTR or approved by OTR and by its trade dress use and infringement.  This conduct is continual and continues to this date.

62.    Defendants' unlawful actions affect the public interest because by using OTR's Trade Dress on its tire, Defendants have caused a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products.

63.    Defendants' unlawful actions also affect the public interest by causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendants with OTR.

64.    Defendants' unlawful conduct relating to OTR's *Outrigger* designs and Trade Dress is causing and is likely to cause substantial injury to the purchasing public and trade and to OTR, was conducted in trade and commerce, and has the potential for repetition.

COMPLAINT - 19

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

65.     Defendants' unlawful conduct has irreparably damaged OTR in its business and property and will continue to damage OTR unless restrained by this Court.   OTR is without an adequate remedy at law.   Pursuant to R.C.W.A. § 19.86.090, OTR is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendants from advertising, manufacturing, and/or selling infringing products.

66.     Defendants' unlawful conduct has proximately caused OTR to suffer damages, and OTR is entitled to recover three times its actual damages, costs, and reasonable attorneys' fees pursuant to R.C.W.A. § 19.86.090.

## COUNT III
## TRADE SECRET MISAPPROPRIATION

67.     OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

68.     OTR has trade secrets in its designs and specifications and the Molds for its *Outrigger* and other tire products.  These designs, specifications and Molds give OTR a competitive advantage and they are not generally known, are not readily ascertainable by proper means, and are subject of reasonable efforts to maintain their secrecy.

69.     Defendants have acquired, used and disclosed these trade secrets without any permission or other lawful justification in the manufacture,

COMPLAINT - 20

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

importation, sale and distribution of the Infringing Tires. This misappropriation is in violation of Washington's Uniform Trade Secret Act, R.C.W. § 19.108.010 *et seq.*

70.    As a direct result of Defendants' misappropriation of OTR's trade secrets, OTR has been injured in its business and property. Its trade secrets have been compromised and used without its permission and Defendants have profited from this misappropriation.

71.    Defendants' unlawful conduct has irreparably damaged OTR in its business and property and will continue to damage OTR unless restrained by this Court.   OTR is without an adequate remedy at law.   Pursuant to R.C.W.A. § 19.108.020, OTR is entitled to injunctive relief.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

72.    OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

73.    OTR has a valid business expectancy in supplying its *Outrigger* tires to Genie.   Genie has been a longstanding customer of OTR and had been purchasing *Outrigger* tires from OTR prior to the Defendants' infringing conduct.

74.    Upon information and belief, Defendants had knowledge of the relationship between OTR and Genie.

COMPLAINT - 21

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

75.    Without business justification, Defendants intentionally interfered with OTR's business expectancy by supplying Genie with the Infringing Tires at a significantly lower cost than that of OTR's *Outrigger* Tires.

76.    Defendants interfered with OTR's business expectancy by the improper means of supplying to Genie tires bearing an identical trade dress to OTR's *Outrigger* tire tread designs.

77.    As a direct result of Defendants' sale of tires having OTR's tire tread designs and selling them at a lower cost, Genie chose to buy the Infringing Tires, which it perceived as being the same as OTR's tires, rather than buying *Outrigger* tires from OTR.  This has resulted in a significant loss of revenue to OTR.

## COUNT V
## UNJUST ENRICHMENT

78.    OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

79.    Upon information and belief, Defendants have received benefits from its use of OTR's proprietary and unique *Outrigger* mark and tire design.

80.    The benefits of the improper use of OTR's *Outrigger* mark and design must be returned to OTR, or OTR ought to be compensated for the benefits conferred on Defendants.

COMPLAINT - 22

81.    It is against equity for Defendants to retain the benefits of the *Outrigger* tire design and to profit by its use without compensating OTR.

82.    OTR is entitled to damages in an amount to be proven at trial to prevent Defendants from being unjustly enriched.

## COUNT VI
## PRELIMINARY INJUNCTION

83.    OTR incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

84.    Despite learning that OTR is the rightful owner of the *Outrigger* trademark and Trade Dress, Defendants continue to sell and distribute the Infringing Tires in violation of OTR's rights.

85.    Because OTR is the rightful registered owner of the *Outrigger* trademark and Trade Dress, there is a substantial likelihood that OTR will prevail on the merits of its claims.

86.    Defendants' current and continuing use of OTR's *Outrigger* mark and designs is an immediate and irreparable injury to OTR and its business reputation and goodwill.

87.    As described more fully in the Motion for Preliminary Injunctive Relief filed contemporaneously with this Complaint, OTR is entitled to a

COMPLAINT - 23

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1  preliminary injunction enjoining Defendants from procuring the manufacture of,

2  selling, and distributing, the Infringing Tires.

3      88.    Defendants' acts in continuing to sell and distribute the Infringing

4  tires after notice of OTR's registered *Outrigger* trademark and Trade Dress is

5  contrary to equity and good conscience.

6      89.    OTR has no adequate remedy at law during the pendency of this case

7  for the infringement of its proprietary and unique *Outrigger* mark and design.

8      90.    The harm to OTR outweighs any potential harm a preliminary

9  injunction would do to the Defendants.

10     91.    The public interest in preventing consumer confusion caused by

11  Defendants' use of the *Outrigger* mark and design favors enjoining Defendants

12  from producing tires using OTR's designs during the pendency of this case.

13     92.    OTR is entitled to a preliminary injunction requiring Defendants to

14  cease using the *Outrigger* mark and Trade Dress during this case to prevent further

15  violations of OTR's ownership of and rights in the Trade Dress.

16                          **<u>COUNT VII</u>**
                     **<u>PERMANENT INJUNCTION</u>**
17

18     93.    OTR incorporates and realleges, as if fully set forth herein, the

19  allegations contained in the foregoing paragraphs of this Complaint.

20

21  COMPLAINT - 24

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

94.    For the reasons stated above, OTR is entitled, after a hearing and upon final decree, to a permanent injunction requiring Defendants to cease all sale and distribution of the Infringing Tires and refrain from making any further use of the *Outrigger* mark and designs to manufacture tires in competition with OTR or for any other purpose

**WHEREFORE, OTR prays that the Court:**

A.    Provide OTR a trial by jury;

B.    Grant OTR a temporary restraining order and preliminary injunction enjoining Defendants from selling or otherwise distributing tires bearing a similar trade dress to the *Outrigge*r Trade Dress, a similar trademark to *Outrigger,* or to copy or record proprietary information about the *Outrigger* designs to the extent Defendants has access to that information;

C.    Grant OTR a permanent injunction enjoining Defendants from selling or otherwise distributing tires bearing a substantially similar tire tread design to the *Outrigger* Trade Dress, bearing a mark substantially similar to *Outrigger,* or to use, copy or record proprietary information about the *Outrigger* designs;

D.    Require Defendants to deliver to OTR or to an officer of the Court any colorable imitations of the *Outrigger* tire in Defendants' possession;

E.    Grant preliminary and permanent injunction enjoining Defendants and its officers, agents, servants, employees, attorneys and those persons, firms or

COMPLAINT - 25

1  corporations, acting in concert and participation with them from any importation,

2  manufacture, assembly, advertisement, promotion, offer for sale, sale, purchase,

3  distribution, movement or transfer of, or any other involvement with tire products

4  bearing OTR's *Outrigger* mark or Trade Dress, or any other colorable imitation of

5  OTR's distinctive *Outrigger* mark or Trade Dress on or in connection with tire

6  products;

7       F.     Enter judgment in favor of OTR and against Defendants for lost

8  profits and lost revenues;

9       G.     Award OTR damages, including exemplary and treble damages;

10       H.     Award OTR attorneys' fees in such other amounts as may be proven

11  at trial or as otherwise provided by law;

12       I.     Award OTR post-judgment interest; and

13       J.     Grant such other and further relief as this Court deems just and

14  proper.

15

16

17

18

19

20

21  COMPLAINT - 26

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

1    Respectfully submitted this 2nd day of April, 2014.

2
                                    By: _s/ Leslie R. Weatherhead_
3                                        Leslie R. Weatherhead, WSBA #11207
                                         J. Christopher Lynch, WSBA #17462
4                                        Rhett V. Barney, WSBA #44764
                                         Counsel for Plaintiffs OTR Wheel
5                                        Engineering, Inc., Blackstone/OTR, LLC,
                                         and F. B. T. Enterprises, Inc.
6                                        Lee & Hayes, PLLC
                                         601 W. Riverside Avenue, Suite 1400
7                                        Spokane, WA 99201
                                         Phone: (509) 324-9256
8                                        Fax: (509) 323-8979
9                                        Emails:  lesliew@leehayes.com
                                                  chris@leehayes.com
10                                                rhettb@leehayes.com

11

12

13

14

15

16

17

18

19

20

21   COMPLAINT - 27