UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC., BLACKSTONE/OTR, LLC, and F.B.T. ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEST WORLDWIDE SERVICES, INC., and SAMUEL J. WEST, individually and his marital community, et al., <br><br> Defendants. | No. CV-14-085-LRS <br><br> **ORDER GRANTING MOTION FOR RECONSIDERATION RE WORD MARK AND PRE-SUIT DAMAGES** |

**BEFORE THE COURT** is "Defendants' Motion For Reconsideration Of Denial Of Motion For Summary Judgment Regarding Outrigger Word Mark And Pre-Suit Counterfeiting Damages." (ECF No. 331). This motion is heard without oral argument.

## I. RECONSIDERATION STANDARD

Fed. R. Civ. P. 60(b)(6) permits a court to relieve a party from an order for "any reason that justifies relief." It "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A motion for reconsideration should not be granted, absent highly unusual

**ORDER GRANTING MOTION FOR RECONSIDERATION-**         **1**

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

## II. *OUTRIGGER* WORD MARK ('934 Registration)

In its order denying summary judgment (ECF No. 312), this court analyzed alleged use of the *Outrigger* word mark only in the context of infringement of a registered trademark under 15 U.S.C. § 1114. The court agrees it erred in finding that a genuine issue of material fact whether the *Outrigger* word mark was "buffed off" the test tires while in China precluded summary judgment on a claim that the word mark was infringed by "use in commerce" as defined in 15 U.S.C. § 1127. The word mark was removed before the goods were shipped in interstate commerce to Genie for testing in the United States. Furthermore, the court maintains its position, as expressed in its previous order at footnote 3 on page 4, that the reference to "Outrigger" on certain e-mails, does not constitute infringement under §§ 1114 and 1127.

Plaintiffs, however, also allege a claim under 15 U.S.C. §1125(a). In their First Amended Complaint, Plaintiffs specifically allege that "Defendants' removal of the OTR marks and the use of these dis-branded products in commerce is also a violation of the Lanham Act, 15 U.S.C. § 1125(a)." § 1125(a) provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol or device, or any combination thereof, **or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact**, which–

ORDER GRANTING MOTION
FOR RECONSIDERATION- 2

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

§1125(a) provides for two major and distinct types of "unfair competition:" (1) infringement of even unregistered marks, names and trade dress, and (2) "false advertising." 5 McCarthy on Trademarks and Unfair Competition §27:9 (4th ed.).

The court maintains its position that there is a genuine issue of material fact whether the *Outrigger* name was "buffed off" the test tires. Accordingly, there is a genuine issue of material fact whether Defendants falsely represented to Genie that the test tires were their own tires when in fact, they were *Outrigger* tires which at one time bore the *Outrigger* word mark, and that Defendants did so in an effort to seek an unfair competitive advantage over the Plaintiffs by getting Genie to buy tires from Defendants rather than Plaintiffs. "A variation on the false advertising prong of [§1125(a)] is presented in cases finding a violation that a product is created, designed, or authorized by someone other than the true creator." 5 McCarthy on Trademarks and Unfair Competition §27:75 (4th ed.).

Prior to 1989, §1125(a), also known as § 43(a), was not triggered unless defendant "shall cause such goods or services to enter into commerce, with "commerce" defined in §1127 to mean "all commerce which may be regulated by Congress." 5 McCarthy on Trademarks and Unfair Competition §27:47 (4th ed.). After the 1989 amendment to § 1125(a), "what is needed is that a person, in connection with good or services, uses in 'commerce' a designation or misleading representation that violates [§ 1125(a)]." *Id*. Defendants caused the test tires to be shipped in interstate commerce from China to the United States to Genie for

**ORDER GRANTING MOTION**
**FOR RECONSIDERATION-**                3

testing.  Because there is an issue of material fact whether the *Outrigger* name was "buffed off" the test tires, there is an issue of material fact whether Defendants, in connection with those tires, used in "commerce" a designation or misleading representation in violation of § 1125(a).

The facts do not permit Plaintiffs to pursue a claim for infringement of their *Outrigger* word mark under 15 U.S.C. §1114, but they do permit Plaintiffs to pursue a claim for false representation under §1125(a).  There is a genuine issue of material fact which precludes summary judgment on that claim.

### III. PRE-SUIT COUNTERFEITING DAMAGES ('169 Registration)

Plaintiffs concede  15 U.S.C. §1111 is a limit on the recovery of profits and/or damages under 15 U.S.C. §1117(a).  §1111 provides that "in any suit for infringement under this chapter by such a registrant failing to give such notice of registration, no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration." Accordingly, Plaintiffs cannot recover profits and/or damages for infringement of the registered tire tread design trade dress for any period of time before Defendants had "actual notice" of registration of that mark.  This court clearly erred in finding otherwise.[1]

As Defendants point out, §1117(b) specifically refers to §1117(a) because it is the damages or profits awarded under §1117(a) which can be trebled by the

///
///
///

---

[1] Because one of the cases relied upon by the court found that 15 U.S.C. §1111 did not limit §1117(b), the court reasoned that it could not limit §1117(a) because, as discussed herein, §1117(a) and (b) must be considered in tandem.

**ORDER GRANTING MOTION FOR RECONSIDERATION-    4**

court for the use of a counterfeit mark or designation.[2]  The court has the authority to treble the amount of damages or profits, whichever is greater, incurred from the time a defendant had "actual notice" of the registration.  In that sense, §1117(b) is subject to §1111.

In sum, 15 U.S.C. §1111 clearly applies to §1117(a) and inherently applies to §1117(b) through §1117(a).[3]  For infringement of Plaintiffs' tire tread design trade dress, whether that be innocent infringement or counterfeiting, Plaintiffs may not recover profits and/or damages under §1117(a) and any trebling thereof under §1117(b) prior to the filing of Plaintiffs' complaint on April 2, 2014, the date on which Plaintiffs' had "actual notice" of the '169 registration.[4]

Despite the suggestion in their response to Defendants' Motion For Reconsideration that this court should find there is an issue of material fact requiring a jury to determine the issue of "actual notice," the court will not reconsider its finding as a matter of law that Defendants did not have actual notice

///

---

[2] The jury will be instructed about awarding profits and/or damages under §1117(a).  Trebling of damages under §1117(b) and awarding statutory damages under §1117(c) in lieu of actual damages and profits are for the court's determination.

[3] Plaintiffs are suing on a registered mark under both 15 U.S.C. §1114 and §1125(a).  Therefore, Plaintiffs' recovery of profits or damages under §1125(a) for infringement is limited to that period after which Defendants had "actual notice" of Plaintiffs' registration.  *Coach, Inc. v. Asia Pacific Trading Co., Inc.*, 676 F.Supp.2d 914, 924-25 (C.D. Cal. 2009).

[4] It is not the mere filing of the Plaintiffs' complaint on April 2, 2014 which provided actual notice to Defendants, but the service of the same on the Defendants.

**ORDER GRANTING MOTION FOR RECONSIDERATION-                5**

of Plaintiffs' '169 registration until April 2, 2014, nor will the court reconsider its finding that "willful blindness" cannot substitute for "actual notice" under §1111.

## IV. CONCLUSION

Defendants' Motion For Reconsideration Of Denial Of Motion For Summary Judgment Regarding Outrigger Word Mark And Pre-Suit Counterfeiting Damages," (ECF No. 331), is **GRANTED** as set forth above.

**IT IS SO ORDERED**.  The District Executive is directed to forward copies of this order to counsel of record.

**DATED** this ___20th___ day of January, 2016.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION-**                6