UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC., BLACKSTONE/OTR, LLC, and F.B.T. ENTERPRISES, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WEST WORLDWIDE SERVICES, INC., and SAMUEL J. WEST, individually and his marital community, et al.,<br><br>　　　　　　Defendants. | No. CV-14-085-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION RE TRADE SECRET MISAPPROPRIATION**, *INTER ALIA* |

**BEFORE THE COURT** is "Defendants' Motion For Reconsideration Of This Court's Reconsideration Of Trade Secret Summary Judgment Ruling." (ECF No. 384). This motion is heard without oral argument.

Pursuant to Fed. R. Civ. P. 60(b)(6), Defendants ask the court to reconsider its "Order Granting [Plaintiffs'] Motion For Reconsideration Re Trade Secret Misappropriation, *Inter Alia*," (ECF No. 380), which vacated the court's previous order (ECF No. 317) granting summary judgment on Plaintiffs' trade secret claim and reinstated that claim for adjudication at trial.

## I. PROTECTABLE TRADE SECRETS

In its order granting Plaintiffs' motion for reconsideration, the court stated as follows:

　　Not necessarily because it believes it committed a "clear error,"

**ORDER DENYING MOTION FOR RECONSIDERATION-   1**

> but because of what it believes are "highly unusual circumstances," the court vacates its prior ruling that Plaintiffs have failed to identify their trade secrets with sufficient particularity and will allow that issue to proceed to trial where it will be determined as a matter of law by the court at the close of Plaintiffs' case-in-chief or by a jury at the close of the evidence.

(ECF No. 380 at p. 8).

The court now clarifies that it was not only because of "highly unusual circumstances," but because it committed "clear error" that it vacated its summary judgment ruling as a matter of law that Plaintiffs failed to identify their trade secrets with sufficient particularity.[1] This is a permissible basis for reconsideration under Fed. R. Civ. P. 60(b) and does not require a showing by Plaintiffs that "injury and circumstances beyond [their] control . . . prevented them from proceeding in a proper fashion." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Plaintiffs timely moved for reconsideration on an appropriate basis.

The court did not "clearly err" in reconsidering its summary judgment ruling. This reconsideration was not based on new evidence, but on evidence already in the record (e.g., Fourth Declaration of Fredrick B. Taylor, ECF No. 251). Plaintiffs have produced sufficient evidence raising a genuine issue of material fact that they have identifiable trade secrets consisting of the specific instructions on how to prepare and manufacture the *Outrigger* tires that were provided to its manufacturer, Superhawk, and that these tires are the result of a unique layout of steel and nylon reinforcing materials, and a phased method of construction using specific types of rubber. (Fourth Declaration of Fredrick B.

---

[1] The court's order did make it clear that it found it committed "clear error" in concluding as a matter of law that Plaintiffs failed to reasonably protect any trade secrets. (ECF No. 380 at p. 8).

**ORDER DENYING MOTION FOR RECONSIDERATION- 2**

Taylor, ECF No. 251 at Paragraphs 14, 16, 20, 21 and 32).

    The fact that Plaintiffs have not produced the actual written instructions is not dispositive of the question of whether Plaintiffs have identifiable trade secrets and does not allow the court to rule as a matter of law that Plaintiffs do not have identifiable trade secrets, those being "information, including a formula, pattern, compilation, program, device, method technique, or process, that . . . . [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use[.]" RCW 19.108.010(4)(a).[2] In his declaration, Taylor states that he "gave to Solideal the building specifications that OTR and STA [Specialty Tire of America] had developed together [and] [t]o my knowledge Solideal turned this teaching into technical drawings, build instructions, green tire specifications and finish tire specifications that it uses to build Outrigger tires." (ECF No. 251 at Paragraph 36). As this court previously noted, there is evidence in the record that Solideal communicated build specifications to tire manufacturers in China. (ECF No. 380 at p. 3). And there is the evidence of Defendants' interactions with Alliance Tire Group and/or Michael Zhang which arguably suggest Defendants recognized the "independent economic value" of Plaintiffs' tire technology. (ECF No. 312 at p. 12).

    All of this evidence gives rise to a reasonable inference that Plaintiffs' build specifications- although not produced in written form by Plaintiffs or Solideal-

---

[2] The requirement of "novelty and uniqueness" is inherent in this definition. *Machen, Inc. v. Aircraft Design, Inc.*, 65 Wn.App. 319, 327, 828 P.2d 73 (1992), *overruled on other grounds*, *Waterjet Technology, Inc. v. Flow Intern. Corp.*, 140 Wn.2d 313, 323, 996 P.2d 598 (2000).

**ORDER DENYING MOTION FOR RECONSIDERATION- 3**

constitute trade secret information. As in *Forro Precision, Inc. v. International Business Machines Corp.*, 673 F.2d 1045, 1056-57 (9th Cir. 1982), it will be Plaintiff's burden at trial to prove this by a preponderance of the evidence to the satisfaction of a jury.[3] A jury will determine if Plaintiffs have described "the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1164-65 (1998), quoting *Universal Analytics v. MacNeal-Schwendler Corp.*, 707 F.Supp. 1170, 1177 (C.D. Cal. 1989), *aff'd*, 914 F.2d 1256 (9th Cir. 1990). In making this determination, the jury will hear Defendants' arguments regarding specificity and take into account the absence of actual written building instructions.[4] The jury will decide if the building specifications testified to by

---

[3] Defendants assert that in *Forro*, "there was no dispute about the seminal question here- did the plaintiff actually own any trade secrets?" (ECF No. 386 at p. 6). There was such a dispute in *Forro* because the judge instructed the jury that IBM must prove "the drawings allegedly used by Forro constituted trade secret information and were so treated by IBM," 673 F.2d at 1056, and the Ninth Circuit found that "IBM introduced sufficient evidence to allow the jury to identify the secrets claimed to be misappropriated." *Id*. at 1057.

[4] Of course, the court will not allow a "trial by ambush" whereby Plaintiffs present for the first time at trial, trade secret evidence which should have been disclosed during discovery. As is typical in jury trials, the court anticipates that at

**ORDER DENYING MOTION
FOR RECONSIDERATION- 4**

Plaintiffs are "fictional."[5]

## II. FAILURE TO PROTECT ALLEGED TRADE SECRETS

As Plaintiffs point out in their response brief (ECF No. 285 at pp. 9-10), the court did not consider new evidence in concluding there is a genuine issue of material fact whether Plaintiffs made a reasonable effort to protect any trade secrets. Defendants' reply brief offers no rebuttal on this point.

Defendants offered Mr. Zhang's declaration in support of their Motion For Summary Judgment Re Trade Secret Misappropriation (ECF No. 196 at p. 7), and this court was aware from its own review of the record that there was a June 12, 2007 Processing Agreement which amended the March 7, 2005 Processing Agreement. The June 12, 2007 Processing Agreement was included as part of the record in Ex. BR to ECF No. 208 (ECF No. 317 at p. 7, n. 1), but the companion June 12, 2007 "Supplementary Technology License Agreement" was not.

---

the close of Plaintiffs' case-in-chief, Defendants will make Fed. R. Civ. P. 50(a) motions for judgment as a matter of law, including one specifically directed at Plaintiffs' trade secret claim and whether there is enough evidence to allow the jury to consider that claim.

[5] Thus far, the court has no basis for concluding that Plaintiffs have destroyed or deliberately withheld written building specifications. Therefore, there is no basis for presuming that such evidence does not exist now or did not exist at one time. *Burgin v. Universal Credit Co.*, 2 Wn. 2d 364, 384, 98 P.2d 291 (1940), a very old case that did involve a trade secret claim, is not persuasive. Plaintiffs' evidence raises a genuine issue of material fact that building specifications exist.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION- 5**

Plaintiffs appropriately made it part of the record when they filed their motion for reconsideration so that the court could rule on a complete record.

### III. CONCLUSION

This court did not commit "clear error" in granting Plaintiffs' Motion For Reconsideration Re Trade Secret Misappropriation and reinstating Plaintiffs' trade secret claim. "Defendants' Motion For Reconsideration Of This Court's Reconsideration Of Trade Secret Summary Judgment Ruling," (ECF No. 384), is **DENIED**.

Because the trade secrets claim has been reinstated, it is necessary to set deadlines for filing of amended exhibit and witness lists, objections to newly listed exhibits, new designations of deposition testimony, and objections to those designations. Amended exhibit and witness lists and new deposition designations shall be served and filed no later **April 18, 2016**. Any new deposition counter-designations shall be served and filed no later than **April 25, 2016**. Objections to newly listed exhibits shall be served and filed no later than **May 2, 2016**. Objections to new deposition designations and new counter-designations shall be served and filed no later than **May 9, 2016**. An amended joint proposed pre-trial order shall be served and filed no later than **May 16, 2016**. Copies of newly listed exhibits not previously provided to the court, shall be provided no later than **May 16, 2016**.

**IT IS SO ORDERED**. The District Executive is directed to forward copies of this order to counsel of record.

**DATED** this 21st of March, 2016.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

**ORDER DENYING MOTION FOR RECONSIDERATION-** 6