FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC., BLACKSMITH OTR, LLC, AND F.B.T. ENTERPRISES, INC., | No. 2:14-CV-00085-LRS |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFFS' RULE 59 MOTION TO AMEND JUDGMENT |
| vs. | |
| WEST WORLDWIDE SERVICES, INC., and SAMUEL J. WEST, individually and his marital community, SSL Holdings, Inc., SSL Global, Inc., SSL China LLC, and Qingdao STW Tire Co., Ltd., | |
| Defendants. | |

ORDER - 1

1  BEFORE THE COURT is Plaintiffs' (OTR) Rule 59 Motion to Amend
2  Judgment. ECF No. 883. Defendants (West) oppose the motion. *See* ECF No.
3  886. The motion was heard without oral argument. For the reasons stated herein,
4  the motion, ECF No. 883, is GRANTED in part and DENIED in part.

## BACKGROUND

On June 30, 2016, a judgment was entered awarding OTR damages in the amount of $967,015. ECF No. 498. On October 20, 2016, an amended judgment was entered awarding OTR pre- and post-judgment interest on the damages award. ECF No. 601. In 2018, the Ninth Circuit affirmed that it was appropriate to apply Washington law in determining the availability and rate of prejudgment interest but found that it should not be awarded in this case because the claim for damages was unliquidated. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 743 F. App'x 771, 777 (9th Cir. 2018). Accordingly, this Court entered a second amended judgment on October 10, 2019, awarding post-judgment interest on actual damages of $967,015 from June 30, 2016, at the rate allowed by 28 U.S.C. § 1961(a). ECF No. 759.

On March 10, 2023, this Court entered an order and judgment granting in part OTR's motion for attorney fees and costs. ECF No. 888. OTR now moves to amend the March 10, 2023 judgment to specify an award of prejudgment and post-judgment interest on the attorney fees and costs award. ECF No. 883. West

ORDER - 2

opposes the motion, arguing that (1) the motion is improperly before the court; (2) OTR is not entitled to prejudgment or post-judgment interest on fees and costs; and (3) OTR is not entitled to post-judgment interest on its damages award. ECF No. 886.

## DISCUSSION

**A.    Rule 59**

As an initial matter, West argues OTR's motion fails to meet the standard for reconsideration under Rule 59(e). ECF No. 886 at 2. The United States Supreme Court has held that a motion for prejudgment interest filed after the entry of judgment "constitutes a Rule 59(e) motion to alter or amend the judgment." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 173 (1989). As such, OTR's motion is properly before the Court.

**B.    Prejudgment Interest on Attorney Fees and Costs**

The Ninth Circuit indicated that in this case, it is "proper to apply Washington law in determining the availability and rate of prejudgment interest," and "[u]nder Washington law, prejudgment interest is awardable for liquidated claims." *OTR Wheel*, 743 F. App'x at 777 (citing *Hansen v. Rothaus*, 107 Wash. 2d 468, 470 (1986)). A claim is liquidated when the evidence includes data "which makes it possible to compute the amount owed with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, 74 Wash. 2d

ORDER - 3

1  25, 32 (1968).  An unliquidated claim is where the exact amount "cannot be

2  definitely fixed from the facts proved, disputed or undisputed, but must in the last

3  analysis depend upon the opinion or discretion of the judge or jury as to whether a

4  larger or a smaller amount should be allowed." *Weyerhaeuser Co. v. Commercial*

5  *Union Ins. Co.*, 142 Wn.2d 654, 685 (2000).  An award of attorneys' fees is

6  "precisely the type of discretionary claim for which the right to prejudgment

7  interest is rejected."  *Id.*  Thus, OTR's request for prejudgment interest on attorney

8  fees and costs is denied under Washington law.

9      OTR asserts it is not seeking prejudgment interest under Washington law,

10  but that the court has discretion to award prejudgment interest under the Lanham

11  Act, 15 U.S.C. §1117(a).  ECF Nos. 883 at 4-6, 889 at 3.

12      OTR cites out-of-circuit cases and argues the court has "broad discretion"

13  under the Lanham Act to award prejudgment interest on the attorney fees and costs

14  awarded, while also conceding that "prejudgment interest is *generally* unavailable

15  for attorney fees and costs."  ECF Nos. 883 at 5-6, 889 at 3-4.  *See e.g.*, *Merck*

16  *Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 263-64 (2d Cir. 2014) (affirming award

17  of prejudgment interest generally due to "exceptional nature" of Lanham Act case);

18  *Am. Honda Motor Co. v. Two Wheel Corp.,* 918 F.2d 1060, 1064 (2d Cir.1990)

19  ("Although Section 1117(a) does not provide for prejudgment interest, such an

20  award is within the discretion of the trial court and is normally reserved for

ORDER - 4

'exceptional cases.' "); *see also R-BOC Representatives, Inc. v. Minemyer*, No. 07 C 1763, 2017 WL 3491974, at *3 (N.D. Ill. Aug. 15, 2017) (awarding prejudgment interest on both the damage award and the fee award in patent case which was an "exceptional case"); *Hickory Farms, Inc. v. Snackmasters, Inc.*, No. 05 C 4541, 2008 WL 4542961, at *9 (N.D. Ill. Apr. 2, 2008) (exercising discretion to award prejudgment interest on attorney fees for successful defense of trademark infringement suit); *Nat'l Ass'n for Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 CIV. 2983 DLC/KNF, 2006 WL 5804603, at *7 (S.D.N.Y. Dec. 11, 2006), *report and recommendation adopted sub nom. Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 CIV. 2983 (DLC), 2007 WL 656274 (S.D.N.Y. Feb. 23, 2007) (making discretionary award of prejudgment interest to successful plaintiff in Lanham Act case).

Within the Ninth Circuit, at least one court has declined to award prejudgment interest under the Lanham Act based on the difference between Sections 1117(a) and (b).[1] *See Y.Y.G.M. SA v. Redbubble Inc.*, No.

---

[1] The Lanham Act specifically provides for an award of prejudgment interest under 15 U.S.C. § 1117(b) for counterfeiting violations, but § 1117(a) does not mention prejudgment interest. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally

ORDER - 5

219CV04618RGKJPR, 2021 WL 4553186, at *6 (C.D. Cal. Oct. 5, 2021); *see also Fantasy Inc. v. Fogerty*, 1995 WL 261504, at *8-9 (N.D. Cal. May 2, 1995) (declining to award interest on attorney fees awarded under the Copyright Act); *but see Cyclone USA, Inc. v. LL & C Dealer Servs., LLC*, No. CV 03-992 AJW, 2010 WL 2132378, at *1–2 (C.D. Cal. May 24, 2010) (awarding prejudgment interest generally for Lanham Act violations that were "far from innocent or inadvertent").

Here, where prejudgment interest has been previously determined to be unavailable on the damages award, and without compelling authority indicating prejudgment interest on attorney fees and costs is appropriate, the Court declines to award it.

Even if an award of prejudgment interest under Section 1117(a) is within the court's discretion, this Court exercises its discretion not to award prejudgment interest on OTR's attorney fee award. The Court previously determined this is an "exceptional" case due to West's egregious misconduct, and exceptionality was considered in awarding attorney fees and costs to OTR and the denial of fees and costs to West. Furthermore, OTR requests prejudgment interest on attorney fees and costs starting on May 14, 2014, even though the attorney fees awarded were

---

presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983).

ORDER - 6

based on billing records dated September 2013 to May 31, 2016. It would not be reasonable to award interest on fees for a period before they were incurred, and the Court is not inclined to award interest on fees for any period before attorney fees were awarded. OTR's request for prejudgment interest on attorney fees and costs is denied.

C.  **Post-Judgment Interest on Attorney Fees and Costs**

Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "interest shall be calculated from the date of the entry of the judgment." Even when a money judgment does not explicitly contain a post-judgment interest award, such an award, at the rate specified in the statute, is granted. *See Perkins v. Standard Oil of California*, 487 F.2d 672, 675 (9th Cir. 1973) (determining that "[o]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed").

Post-judgment interest has been applied to attorney fees and costs. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing *Perkins*, 487 F.2d at 675); *Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993) ("It is clear that interest accrues on an award of costs under 28 U.S.C. § 1961."). Interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set. *Friend v.*

ORDER - 7

1  *Kolodzieczak*, 72 F.3d 1386, 1391-92 (9th Cir. 1995); *see Kona Enterprises, Inc. v. Est. of Bishop*, 243 F. App'x 274, 277 (9th Cir. 2007) (finding district court properly set the date from which post-judgment interest would accrue under 28 U.S.C. § 1961(a) as the date of the district court's original award of attorney's fees).

OTR argues it secured the entitlement to attorney fees as of June 30, 2016, the date of the original judgment awarding damages. ECF No. 889 at 6. However, the award of attorney fees and costs was not secure until this Court exercised discretion to award attorney fees and costs to OTR in the order dated March 10, 2023. ECF No. 880. *See Friend,* 72 F.3d at 1391–92 (holding that post-judgment interest should run from June 20, 1990, the date when the court granted plaintiff's motion for attorney fees and costs); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*, 731 F. Supp. 2d 937, 951 (N.D. Cal. 2010) (awarding post-judgment interest from the date of the judgment that secured the prevailing party's entitlement to fees); *see also Hernandez v. Cnty. of Monterey*, 2019 WL 1934882, at *6 (N.D. Cal. May 1, 2019) (noting award of attorney fees and expenses was not secured until the issuance of order awarding same). Thus, post-judgment interest is awarded on attorney fees and costs from March 10, 2023.

**D.    Post-judgment Interest on Damages Award**

ORDER - 8

West argues that Federal Rule of Appellate Procedure 37 precludes award of post-judgment interest on the damages award in this case. ECF No. 886 at 10-11. Post-judgment interest from June 30, 2016, was awarded in the Amended Judgment dated October 20, 2016. ECF No. 601. On appeal of the Amended Judgment, the Ninth Circuit "reverse[d]the district court's order granting OTR prejudgment interest and remand[ed] for entry of a corrected judgment." *OTR*, 773 F. App'x at 777. In accordance with the Ninth Circuit's direction, the Second Amended Judgment removed the award of prejudgment interest. ECF No. 759. It does not "deviate from the mandate" or "enlarge the particular, modified money judgment" as discussed in *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1018 (9th Cir. 2008). The time to challenge the Court's October 20, 2016 award of post-judgment interest has long-since passed. The Court finds no basis to change the prior judgment as to post-judgment interest and affirms the Second Amended Judgment filed October 10, 2019, ECF No. 759.

**E.    Offset**

West again argues the Court should offset the mutual debts of the parties. ECF No. 886 at 7. The Court rejects the notion that it previously intended to or in fact offset OTR's award against the proceeds of the injunction bond awarded to West. As stated in the March 10, 2023, order regarding recovery of the cash bond:

ORDER - 9

> West has identified no authority that would allow the Court to offset the judgment. In essence, West asks the Court to retroactively increase the amount of the bond from $3,000,000 to $4,200,000, in essence nullifying the jury verdict and damages in favor of OTR, something the Court will not do.

ECF No. 879 at 45-46.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Rule 59 Motion to Amend Judgment, **ECF No. 883,** is **GRANTED in part** and **DENIED in part** as set forth herein.

2. The Clerk of the Court shall enter a Third Amended Judgment amending ECF Nos. 759 and 881 as follows:

> Judgment for Defendants against Plaintiffs on Lanham Act trade dress infringement claim re '169 registration, Lanham Act trade dress infringement claim re '821 registration, trade secrets claim, and on claim of tortious interference with a contract between OTR and Genie. The United States Patent and trademark office (USPTO) is directed to cancel Trademark Registration Nos. 4,220,169 and 2652821.

> Judgment for Plaintiffs against Defendants on Lanham Act false designation of origin claim re "Outrigger" trademark name (Registration No. 2,288,934), Washington Consumer Protection Act claim, and on claims of tortious interference with a business relationship between OTR and Genie, tortious interference with a contract between Solideal and SuperHawk, and tortious interference with a business relationship between SuperHawk and Solideal and OTR. $967,015.00 in actual damages awarded in favor of Plaintiffs against Defendants. Beginning June 30, 2016, Plaintiffs are awarded post-judgment interest at the rate authorized by 28 U.S.C. § 1961(a).

> Attorney fees in the amount of $1,183,717.45, and costs in the amount of $23,729.87 awarded in favor of Plaintiffs against Defendants.

ORDER - 10

Beginning March 10, 2023, Plaintiffs are awarded post-judgment interest on attorney fees and costs at the rate authorized by 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this order and to provide copies to counsel.

**DATED** June 1, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 11