FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC., BLACKSMITH OTR, LLC, AND F.B.T. ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WEST WORLDWIDE SERVICES, INC., and SAMUEL J. WEST, individually and his marital community, SSL Holdings, Inc., SSL Global, Inc., SSL China LLC, and Qingdao STW Tire Co., Ltd.,<br><br>Defendants. | No. 2:14-CV-00085-LRS<br><br>ORDER GRANTING PLAINTIFF BLACKSMITH OTR'S MOTION TO STAY EXECUTION OF ORDER FOR DISBURSEMENT OF BOND (ECF NO. 891) AND DENYING DEFENDANTS' MOTION FOR AWARD OF POST-JUDGMENT INTEREST PURSUANT TO 28 U.S.C. § 1961 |

BEFORE THE COURT is Plaintiff Blacksmith's (BOTR)[1] Motion to Stay Execution of Order for Disbursement of Bond (ECF No. 891), ECF No. 899, and

---

[1] Only plaintiff Blacksmith OTR brings this motion. "BOTR" refers to Blacksmith OTR only; "OTR" refers to all plaintiffs.

ORDER - 1

Defendants' (West) Motion for Award of Post-Judgment Interest Pursuant to 28 U.S.C. § 1961, ECF No. 903.  The motions were heard without oral argument.

## BACKGROUND

On March 10, 2023, this Court entered an order granting in part West's motion for recovery of cash bond and directing that the entire $3,000,000 cash bond posted by the Plaintiffs (OTR) be forfeited to West pending expiration of the time for appeal.  ECF No. 879.  On the same date this Court entered an order granting OTR's motion for attorney fees and costs in part and denying West's motion for attorney fees and costs.  ECF No. 880.  Judgment was entered regarding attorney fees and costs.  ECF No. 881.

On April 7, 2023, OTR filed a motion to amend or correct the judgment entered on March 10, 2023, to provide for pre- and post-judgment interest.  ECF No. 883.  West filed a motion for execution of the bond order and disbursement of the bond on April 17, 2023.  ECF No. 884.

On June 1, 2023, this Court entered an order granting in part OTR's motion regarding interest.  ECF No. 892.  On the same date this Court entered an order granting West's motion for disbursement of the bond.  ECF No. 891.  A third amended judgment was also entered encompassing the second amended judgment filed on October 2, 2019 (ECF No. 759) and the judgment regarding attorney fees filed on March 10, 2023 (ECF No. 881).  ECF No. 893.

ORDER - 2

On June 2, 2023, BOTR filed a notice of appeal, including appeal of the March 10, 2023, bond order and the June 1, 2023, order directing disbursement of the bond.  ECF No. 894.  BOTR filed this motion to stay execution of the order disbursing the bond on June 9, 2023.  ECF No. 899.  On June 15, 2023, West filed a motion for post-judgment interest. ECF No. 903.  On the same date, West filed a notice of cross-appeal.  ECF No. 902.

## DISCUSSION

### A. BOTR's Motion for Stay

BOTR moves to stay this Court's order granting disbursement of the bond while the appeals go forward.  ECF Nos. 899.  West opposes a stay, seeks disbursement of the bond, and argues BOTR should post additional security.  ECF No. 905.

Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.  *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, (1982); *Nat'l Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *McClatchy Newspapers v. Central Valley Typographical Union No. 46,* 686 F.2d 731, 734 (9th Cir.1982).  Although the filing of a notice of appeal generally divests the district court of jurisdiction, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council*, 242 F.3d at 1166 (finding the district court had jurisdiction

ORDER - 3

to modify an injunction pending appeal under Rule 62(c)). Thus, this court has jurisdiction to determine whether to grant a stay pending appeal. *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) ("Rule 62[b] is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision.").

Under Fed. R. Civ. P. 62(b), "a party may obtain a stay by providing a bond or other security." *Id.* It is within the court's discretion to determine what amount is appropriate security, to allow alternative types of security or to waive the bond requirement entirely. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds.").

The appeal notices on file indicate that the judgment entered on March 10, 2023, and "all adverse opinions, rulings findings, conclusions, and orders in this case . . ." are being appealed by West (ECF No. 902) and similarly by BOTR (ECF No. 894). In effect, both parties want to pursue their positions to finality before the Ninth Circuit Court of Appeals. With this background and after review of the parties' briefing, the Court concludes that it retains authority to address the pending motions. Given the issues inherent in the pending appeals and the foregoing discussion, BOTR's motion to stay is GRANTED without the filing of additional security for damages or interest thereon.

ORDER - 4

**B.      West's Motion for Award of Post-Judgment Interest**

West's motion for an award of post-judgment interest under 28 U.S.C. § 1961 requests this Court enter a judgment and award interest on the bond which was previously ordered foreclosed.  ECF No. 903.  While West argues that equitable considerations favor its position on disbursement of the bond and the award of interest thereon, the Court is not so inclined given the inherent uncertainty of the pending appeals and the multiple acts of wrongful conduct by West, including violations of state and federal law and a jury award of almost $1,000,000 to OTR, which were previously affirmed on appeal.  *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008 (9th Cir. 2018); *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 743 F. App'x 771, 775 (9th Cir. 2018).  Furthermore, though similar, a bond award is not a "money judgment" by its express terms.  This Court ruled in 2018 that "West's potential recovery is limited to the $3 million injunction bond," ECF No. 685 at 16, and the court finds no compelling reason to change that ruling.  *See Buddy Systems, Inc. v. Exer-Genie*, 545 F.2d 1164, 1167-68 (9th Cir. 1976) (noting that absent evidence of malicious prosecution or abuse of process, a defendant's right of recovery on an injunction bond is limited by the terms of the bond). As such, West's motion for post-judgment interest is DENIED.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER - 5

1. Plaintiff Blackstone OTR's Motion to Stay Execution of Order for Disbursement of Bond (ECF No. 891), **ECF No. 899**, is **GRANTED** without posting of additional security.

2. The Order Granting Defendants' Motion for Execution of Order 879 and Disbursement of the Bond, **ECF No. 891**, is **STAYED** pending appeal.

3. Defendant's Motion for Award of Post-Judgment Interest Pursuant to 28 U.S.C. 1961, **ECF No. 903**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this order and to provide copies to counsel.

**DATED** July 12, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 6